UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

           Plaintiff,         Case No. 24-20556

v.                                 Judith E. Levy
                                 United States District Judge

Khristopher Martell Evans,

                                 Mag. Judge David R. Grand

           Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT UNDER THE SECOND AMENDMENT [23]**

Before the Court is Defendant Khristopher Martell Evans' motion to dismiss the indictment. (ECF No. 23.) For the reasons set forth below, Defendant's motion is denied.

I.    **Background**

A one-count indictment filed on October 1, 2024 charges Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] (ECF No. 15.) The indictment alleges that

---

[1] 18 U.S.C. § 922(g)(1) states:

> [o]n or about August 29, 2024, in the Eastern District of Michigan, Southern Division, the defendant, Khristopher Martell Evans, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm, that is, one FNH FNS40 .40 caliber pistol in violation of Title 18, United States Code, Section 922(g)(1).

(ECF No. 15, PageID.28.) Defendant pled not guilty on October 7, 2024.

Defendant filed this motion to dismiss on February 25, 2025. (ECF No. 23.) Defendant brings a facial and an as-applied constitutional challenge to his prosecution under § 922(g)(1). Specifically, Defendant states that, pursuant to the "dangerousness" standard set forth in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), he "could not have been considered dangerous at the time of the offense" and, as such, his prosecution under § 922(g)(1) is unconstitutional under the Second Amendment when applied to him. (ECF No. 23, PageID.81.) He also argues that *Williams* "creates two untenable due process problems": "§ 922(g)(1) is overbroad and thus facially unconstitutional" and the

---

It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

2

"*Williams*'[] 'dangerous person' test is void for vagueness." (*Id.* at PageID.76–79.)

## II. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 12(b), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Such a defense, objection, or request may include "a motion alleging a defect in instituting the prosecution" or "a defect in the indictment or information." Fed. R. Crim. P. 12(b)(A)–(B); (ECF No. 17, PageID.33.)

## III. Analysis

### A. The *Williams* Decision

On August 23, 2024, the Sixth Circuit issued *Williams*, holding that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people." *Williams*, 113 F.4th at 662–63. As such, defendants may bring an as-applied Second Amendment challenge to their prosecution pursuant to § 922(g)(1) by demonstrating that they are not dangerous. It is the defendant's burden to demonstrate that they are not dangerous. *Id.* at 657.

To determine whether a defendant is dangerous, district courts "must focus on each individual's specific characteristics," including "the individual's entire criminal record." *Id.* at 657–58. "Courts may consider any evidence of past convictions in the record, as well as other judicially noticeable information–such as prior convictions–when assessing a defendant's dangerousness." *Id.* at 660.

*Williams* provides guidance related to past convictions, and how such convictions should inform the district court's analysis. First, "crimes against the person," which are "dangerous and violent crimes like murder, rape, assault, and robbery," are "at least strong evidence that an individual is dangerous." *Id.* at 658. A defendant who has committed such a crime faces an "extremely heavy" burden to show that he is not dangerous. *Id.*

*Williams* describes a second category of crimes: crimes which "pose a significant threat of danger" and "put someone's safety at risk." *Id.* at 659. These crimes, such as drug trafficking and burglary, "do not always involve an immediate and direct threat of violence against a particular person," but may "pose a danger to the community" or "create[] the possibility of a violent confrontation." *Id.* A defendant who has committed

such a crime "will have a very difficult time . . . of showing he is not dangerous." *Id.* at 663. Similarly, "a pattern of conduct risking or causing physical harm strengthens the inference that a defendant is dangerous enough to be prosecuted under § 922(g)(1)." *United States v. Golden*, No. 3:23-CR-94, 2025 WL 268364, at *2 (N.D. Ohio Jan. 22, 2025) (citing *United States v. Goins*, 118 F.4th 794, 804 (6th Cir. 2024); *United States v. Parham*, 119 F.4th 488, 495 (6th Cir. 2024)).

The third category of crimes includes those that "pose no threat of physical danger, like mail fraud, tax fraud, or making false statements." *Williams*, 113 F.4th at 663. A conviction for these crimes is unlikely to produce a finding that the defendant is dangerous. *Id.* at 659.

### B.   Evidence Before the Court

The Court must first decide what information it will consider when determining if Defendant is "dangerous" such that prosecution pursuant to § 922(g)(1) is constitutional under the Second Amendment.

Generally, courts may consider "judicially noticeable information" when making a dangerousness analysis. *Williams*, 113 F.4th at 660. This includes prior convictions and the underlying facts of those convictions. *Id.* at 660, 662 (stating that "a court can accept prior convictions without

5

an evidentiary hearing or jury fact finding"); *Goins*, 118 F.4th at 804–05; *Parham*, 119 F.4th at 496 (considering the underlying facts of the defendant's prior offense); *United States v. Morton*, 123 F.4th 492, 500 (6th Cir. 2024) (discussing the district court's use of state-court judgments).[2]

---

[2] Courts may also consider presentence reports. *Williams*, 113 F.4th at 660, 662 (approving consideration of details in the defendant's federal presentence report, the contents of which the defendant did not object to). At least one district court in the Sixth Circuit declined to consider information in Michigan presentence reports as judicially noticeable, in part because "the process for creating PSRs at the state level appears to vary among counties, with differing degrees of defendant and defense-attorney input, which could bear on a PSR's reliability." *United States v. Johnson*, No. 2:23-CR-20569, 2025 WL 226957, at *3–4 (E.D. Mich. Jan. 16, 2025).

Here, the government attaches portions of Defendant's MDOC Presentence Investigations from 2003, 2005, 2007, 2008, 2013, and 2018, and uses these state presentence reports to describe the facts underlying Defendant's convictions. (*See* ECF Nos. 27-1, 27-2, 27-3, 27-4, 27-5, 27-6, 27-7, 27-8.) The government also notes that "state court judges are required under Michigan law to give felony defendants an opportunity to review the presentence investigative reports prior to sentencing and object to any inaccuracies." (ECF No. 27, PageID.97 n.1 (citing Mich. Ct. R. 6.425(D)(1)(b), (D)(2)).)

Regardless of whether Michigan presentence reports are ever judicially noticeable, the government's exhibits are not. The portions of Defendant's presentence reports are devoid of context and heavily redacted. The Court is unable to discern in which courts Defendant was charged and found guilty of these prior offenses. Additionally, most, if not all, of the facts of the crime come from Detroit Police Department Investigator Reports and are described as the "Agent's Description of the Offense." (ECF Nos. 27-2, 27-3, 27-4, 27-5, 27-6, 27-7, 27-8.) Even if Defendant had objected to the description of the crime, it is not clear if his objections would be contained in sections provided by the government.

Defendant has several prior felony convictions:

Mr. Evans has a 2005 conviction for felony assault/destruction of property, which is over 20 years old. He has a 2007 drug possession conviction. He has a 2008 conviction for possession of a gun and home invasion, which is over 17 years old. He has a 2013 drug delivery conviction and his most recent conviction, which is a 2018 gun possession case, which is over 7 years old.

(ECF No. 23, PageID.84–85.)

### C. Applying *Williams*

Defendant has not met his burden to demonstrate that he is not "dangerous" as defined in *Williams*, 113 F.4th 637.

Defendant argues that "[n]one of [his] convictions fall within *William*'s first category of crimes against the person." (ECF No. 23, PageID.85.) Not so. Assault is a crime firmly within the category of "crimes against the person." *Williams*, 113 F.4th at 658 (holding that assault is included in this category). The Sixth Circuit has held that an assault conviction is "at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Id.*

Defendant's 2008 conviction for home invasion may fall within the first or second *Williams* category. Without additional information, such as the degree of the offense or the underlying facts, the Court is unable to make such a determination on Defendant's home invasion conviction.

7

*See United States v. Gray*, No. 24-20145, 2025 WL 322229, at *3 (E.D. Mich. Jan. 28, 2025) (categorizing attempted home invasion as a crime against the person); *United States v. David*, No. 2:23-CR-20626, 2025 WL 475842, at *5 (E.D. Mich. Feb. 12, 2025) (finding that second-degree home invasion is akin to burglary and, thus, in the second *Williams* category of crimes because it creates "potential for violent confrontation").

Additionally, Defendant's gun possession and drug delivery convictions fall within the second category of *Williams*' offenses: a crime that "pose[s] a significant threat of danger" or "put[s] someone's safety at risk." *Id.* at 659. Courts have held that felonies involving unlawful firearm possession or drug distribution belong in this category. *See Williams*, 113 F.4th at 659 (holding that drug trafficking "poses a danger to the community"); *United States v. Jones*, No. 24-20427, 2025 WL 48072, at *3 (E.D. Mich. Jan. 8, 2025) ("[T]he court in Williams indicated support for including a conviction for possessing a firearm as a felon in the second category."); *United States v. Flores*, No. 24-20579, 2025 WL 348390, at *2 (E.D. Mich. Jan. 30, 2025) (holding that a conviction for carrying a concealed weapon falls within the second category because "[t]he presence of unregistered deadly weapons . . . presents the potential

8

for significant danger"). The Sixth Circuit explained that "most" crimes in this category "put someone's safety at risk, and thus, justify a finding of danger." *Williams*, 113 F.4th at 659; *see also id.* at 662 (stating that "[t]he government could've pointed to any one of those convictions," including the defendant's felon in possession of a firearm conviction, "to demonstrate his dangerousness").

Defendant argues that many of his convictions are old, and that his release pending pretrial and his overall compliance while on pretrial release indicates that he is not dangerous. (ECF No. 23, PageID.84–85.)

The Court acknowledges that many of Defendant's convictions are over 10 years old. (*See* ECF No. 23, PageID.84–85.) Several courts have determined that the age of the prior convictions may have some weight in the Court's analysis. *See, e.g.*, *United States v. Jennings*, 754 F. Supp. 3d 763, 770 (E.D. Mich. 2024); *United States v. Green*, No. 23-cr-20506, 2024 WL 4469090 at *4 (E.D. Mich. Oct. 10, 2024); *United States v. Bell*, No. 2:20-CR-20336, 2024 WL 4589812, at *5 (E.D. Mich. Oct. 28, 2024); *United States v. Nettles*, No. 3:24-CR-377, 2025 WL 660185, at *6 (N.D. Ohio Feb. 28, 2025). However, Defendant was also convicted of gun possession, a crime that falls within the second *Williams* category, in

9

2018. Even if the Court were to limit its review to Defendant's more recent convictions, he still has a substantial burden to demonstrate that his prosecution pursuant to 18 U.S.C. § 922(g)(1) is unconstitutional.

Defendant appears to argue that his pre-trial release status also demonstrates that he is not dangerous. (ECF No. 23, PageID.85.) The Court declines to consider Defendant's pre-trial release status as a factor in its dangerousness determination. As set forth in *Jennings*,

> An evaluation of dangerousness to decide whether to detain someone before trial involves considerations that are different from the ones to decide whether to restrict firearm possession for an individual convicted of a felony. Not only are the liberty interests at stake of vastly different dimensions, there is a presumption in the Bail Reform Act against pretrial detention, *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010), as opposed to a presumption in favor of restricting firearm possession for individuals convicted of dangerous or violent felonies or eligible misdemeanors under § 922(g)(1), *Williams*, 113 F.4th at 657.

*Jennings*, 754 F. Supp. 3d at 771. The Court concurs with the reasoning set forth in *Jennings*, and Defendant does not provide any argument to the contrary.

Finally, the Court commends Defendant for his compliance while on pretrial release. However, his past convictions include crimes that fall within the first and second category of *Williams* offenses. "[I]n an as-

10

applied challenge to § 922(g)(1), the burden rests on [Defendant] to show he's not dangerous," and he has not made that showing. *Williams*, 113 F.4th at 662. As such, Defendant's past convictions demonstrate that Defendant is sufficiently "dangerous" to be prosecuted pursuant to 18 U.S.C. § 922(g)(1) and that application of § 922(g)(1) to Defendant does not violate the Second Amendment.

### D. Due Process Challenge

Defendant also raises two due process challenges to § 922(g)(1) and *Williams*. (ECF No. 23, PageID.76.) First, Defendant argues that § 922(g)(1) "is overbroad, and facially unconstitutional, as written," and that the Sixth Circuit erred in issuing *Williams* because "[i]t is not the prerogative of unelected judges to rewrite federal statutes." (*Id.* at PageID.77.) Second, Defendant asserts that the *Williams*' test "is void for vagueness." (*Id.*)

Other courts have rejected these arguments. *See United States v. Johnson*, No. 24-CR-20310, 2024 WL 5078100, at *2 (E.D. Mich. Dec. 11, 2024); *United States v. Brown*, No. 24-20227, 2024 WL 5161946, at *3 (E.D. Mich. Dec. 18, 2024); *United States v. Buford*, No. 2:23-CR-20375-TGB-EAS, 2024 WL 5239444, at *8–9 (E.D. Mich. Dec. 27, 2024); *United*

11

*States v. Johnson*, No. 2:23-CR-20569, 2025 WL 226957, at *2 (E.D. Mich. Jan. 16, 2025); *United States v. Morris*, No. 2:24-CR-20339-2, 2025 WL 224685, at *3 (E.D. Mich. Jan. 16, 2025); *United States v. Nelson*, No. 23-CR-20566, 2025 WL 581454, at *2 (E.D. Mich. Feb. 21, 2025); *United States v. Newell*, No. 24-CR-20597, 2025 WL 848595, at *3 (E.D. Mich. Mar. 18, 2025).

The Court may not depart from the Sixth Circuit's rulings. Any argument that § 922(g)(1) is "facially unconstitutional" is foreclosed by *Williams*. *See Williams*, 113 F.4th at 657; *Parham*, 119 F.4th at 495. Defendant's arguments that *Williams* is "void for vagueness" must also be rejected because that doctrine applies to statutes, not to rulings pronounced by a court. *Buford*, 2024 WL 5239444, at *9.

Therefore, Defendant's due process challenge to *Williams* and 18 U.S.C. § 922(g)(1) is denied.

### IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss the indictment. (ECF No. 23.)

IT IS SO ORDERED.

12

Dated: August 21, 2025      s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2025.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager